802 F.2d 457
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JESSE JAMES EDMOND, Plaintiff-Appellant
v.
THEODORE KOEHLER, Defendant-Appellee.
 No. 86-1095.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1986.
 
 1
 BEFORE: KEITH and GUY, Circuit Judges; and BALLANTINE, District Judge*
 
 ORDER
 
 2
 The plaintiff moves for counsel on appeal from the district court's judgment dismissing his prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff is a prisoner in the Michigan state prison system. The defendants are the warden at the Marquette Prison, the deputy warden at Marquette, a counselor at Marquette, and a member of the security classification committee at the State Prison of Southern Michigan in Jackson, Michigan.
 
 
 4
 The plaintiff was at Marquette when he was told he would be transferred to Jackson. He informed the prison officials at Marquette that he had an "enemy" at Jackson. Nevertheless, he was transferred to Jackson. When it was discovered that he did have an "enemy" at Jackson, he was placed in administrative segregation. He developed a blood pressure condition which the prison doctor treated with medication. Subsequently, the plaintiff and his "enemy" both agreed that they were no longer enemies, and the plaintiff was released into the general population.
 
 
 5
 The plaintiff's complaint alleges that his transfer violated his constitutional rights to personal safety. The parties analyzed this case in terms of Stewart v. Love, 696 F.2d 43 (6th Cir. 1982) (per curiam). In Stewart, this Court held that mere negligence by prison officials in this context is not sufficient to state an eighth amendment claim. Id. at 44.
 
 
 6
 We choose to analyze this case in a different way. The essential issue is whether the plaintiff's right to personal safety was violated. Because no assault ever occurred, there was no violation of the plaintiff's rights. He alleges that the rise in his blood pressure while in administrative segregation demonstrates an injury flowing from the defendants' conduct. However, the rise in the plaintiff's blood pressure is an issue of medical care, not an issue of personal safety. Because the plaintiff's blood pressure condition was treated by the prison doctor, there was no deliberate indifference to this medical condition. Estelle v. Gamble, 429 U.S. 97, 106 (1976). So the district court correctly dismissed the plaintiff's case.
 
 
 7
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Thomas A. Ballantine, U.S. District Judge for the Western District of Kentucky, sitting by designation